**UNITED STATES of America,**
**Appellee,**

v.

**Samuel WARD, Brian McGuire, Patricia Oppito, Edward Tripp, and Andrew Adams, Defendants,**

**Bruce Becker, Defendant–Appellant.**

No. 02–1547.

United States Court of Appeals,
Second Circuit.

Jan. 12, 2004.

Christopher J. Clark, Assistant United States Attorney, New York, NY, for Appellee.

Louis M. Freeman, New York, NY, for Defendant–Appellant.

Present: MESKILL, POOLER, and SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED.**

Bruce Becker appeals from a judgment of conviction, filed August 6, 2002, in the United States District Court for the Southern District of New York (Kram, J.), which records Becker's plea of guilty to one count of securities fraud, in violation of 15 U.S.C. § 77q(a), and one count of conspiracy to commit securities fraud, in violation of 18 U.S.C. § 371.

Becker and four co-defendants were indicted for securities fraud. Three of the defendants—Becker, Andrew Adams and Edward Trippe—each pleaded guilty to one count of securities fraud and one count of conspiracy to commit securities fraud.

Their guilty pleas were accepted by Judge Kram at a hearing on November 14, 2001.

The trio was sentenced by Judge Kram on July 31, 2002. Becker was represented by Robert Gage, and the Government was represented by Assistant U.S. Attorney Christopher Clark. Immediately before Gage was to argue in favor of a downward departure in Becker's sentence on the basis of family circumstances, the following colloquy took place:

MR. CLARK: Before we get to the argument, but I don't want to delay things unnecessarily, I believe Mr. Gage's associate has an application in my office, and I just wanted to make sure that that fact is okay with Mr. Becker.

THE COURT: Tell me about it. I don't know anything about that.

MR. CLARK: Well, I believe he's applied for a job at the U.S. Attorney's Office.

THE COURT: Who has?

MR. CLARK: Mr. Gage's associate, who is present here in court [to]day.

THE COURT: You have?

MR. PROTASS: Yes.

\*　　\*　　\*　　\*　　\*　　\*

MR. CLARK: I just want to make sure that Mr. Becker knew that, and he's all right going ahead.

DEFENDANT BECKER: I have no problem with that, your Honor.

Judge Kram then declined to grant the downward departure and sentenced Becker to 21 months in custody, two years of supervised release and restitution of $ 980,000.

Becker contends on this appeal that his guilty plea was improperly obtained because of the conflict of interest represented by Protass's pending job application in the U.S. Attorney's Office. We disagree.

Upon being apprised of the existence of an attorney conflict issue, this Court has

directed district courts to situate the conflict along a spectrum of severity:

> [A]fter learning of the possibility of a conflict of interest, [the district court] determines whether the attorney has an actual conflict, a potential conflict, or no conflict at all. *See, e.g., United States v. Levy,* 25 F.3d [146, 153 (2d Cir.1994).] If the court discovers no genuine conflict, it has no further obligation. *Id.* At the other end of the spectrum, if the court determines that counsel has an actual conflict that is so severe as to indicate per se that the rendering of effective assistance will be impeded, or is analogous to such a conflict in "breadth and depth," the court must … disqualify counsel. *See United States v. Fulton,* 5 F.3d 605, 611–13 (2d Cir.1993); *United States v. Schwarz,* 283 F.3d [76, 95–96 (2d Cir.2002).] And if, between these two extremes, the court determines that the "attorney suffers from a lesser [actual] or only a potential conflict," then it may accept a defendant's knowing and intelligent waiver of his right to conflict-free counsel and permit the defendant to be represented by the attorney of his choice. *United States v. Levy,* 25 F.3d at 153; *accord United States v. Schwarz,* 283 F.3d at 95.

*United States v. Perez,* 325 F.3d 115, 125 (2d Cir.2003).

Judge Kram did not explicitly characterize the severity of the conflict posed by Protass's application to become an Assistant U.S. Attorney. On the record before this Court, however, it is plain that the conflict posed only the very slightest potential for damaging Gage's representation of Becker. First, Protass was not even Becker's attorney of record; Gage was. Second, there is no evidence that Protass performed any substantial work on the case, and certainly no evidence that he provided any legal advice to Becker regarding his guilty plea. Indeed, Becker's only specific statement as to Protass's contribution to his defense is that Protass and Gage "were the predominant contributors in to [*sic*] the research and in the preparation of a joint defense sentencing memorandum" produced on behalf of Becker and the three co-defendants with whom he pleaded guilty.[1] Further, at the time of the sentencing hearing, Protass was only in the early stages of being considered for an Assistant U.S. Attorney post. In sum, Becker's assertion that he "was never given an opportunity to argue an alternative defense strategy" because of Protass's job application is completely unsupported.

A defendant may waive his lawyer's conflict of interest except in those cases where the conflict is so severe "that no rational defendant would knowingly and intelligently desire the conflicted lawyer's representation." *United States v. Levy,* 25 F.3d 146, 153 (2d Cir.1994). This is certainly not such a case, and Becker's waiver of the conflict at the sentencing hearing was properly accepted by Judge Kram.

Further, Becker's assertion that Judge Kram erred by not holding a hearing devoted to the conflict issue, pursuant to the procedures set forth in *United States v. Curcio,* 680 F.2d 881 (2d Cir.1982), is unfounded. When, as here, a conflict of interest poses only a slight risk of impairing a lawyer's representation, a district court may accept a defendant's waiver of the conflict without holding a *Curcio* hearing. *See United States v. Rondon,* 204 F.3d 376, 381, n. 3 (2d Cir.2000).

Finally, we reject Becker's contention that his guilty plea was not knowingly

---

1. Three days before oral argument, Becker filed a motion to expand the record on appeal with a personal affidavit setting forth additional claims regarding Mr. Protass's role in his defense. The motion also seeks permission to file a letter memorandum in lieu of a formal reply brief. We deny this motion as untimely.

made because he was not apprised of all the elements of the offenses to which he was pleading. To the extent we can make out this argument, it appears to be that "the willful element" of a securities fraud violation "was not adequately explained to him by counsel more [sic] the district court." This argument is frivolous. When she accepted Becker's plea, Judge Kram set forth all of the elements of the crimes to which he was pleading guilty, and elicited Becker's acknowledgment that he had discussed these with counsel.

Accordingly, for the reasons set forth above, the judgment of the District Court is hereby **AFFIRMED.**